UNITED STATES of America,
Plaintiff-Appellee,

v.

Jimmy Lawrence KETCHUM, a/k/a William Price, Defendant-Appellant.

No. 725-70.

United States Court of Appeals,
Tenth Circuit.

July 23, 1971.

Victor R. Ortega, U. S. Atty., and Mark B. Thompson III, Asst. U. S. Atty., for plaintiff-appellee.

Charles R. Thompson, Albuquerque, N. M., for defendant-appellant.

Before PHILLIPS, HILL and DOYLE, Circuit Judges.

PER CURIAM.

On October 12, 1970, the defendant was tried and convicted by a jury on the charge of interstate transportation of a stolen motor vehicle, a 1967 Chrysler, Identification Number CM27K731373-66Z. The evidence disclosed that this vehicle was taken without permission from Atlanta, Georgia, and transported to Albuquerque, New Mexico. It was stipulated at the trial that the defendant transported the car between the two places.

When the defendant was questioned by an FBI agent he stated that the vehicle was *his* property. Evidence at the trial disclosed that the car was owned by one Harry W. Donovan. However, the registration was in the name of Edward H. Gardner. Both Donovan and Gardner testified at the trial that the vehicle was the property of Donovan. The registration was in the name of Gardner, according to both men, because of the fact that Donovan was involved in litigation with his wife, and although he was the equitable owner of the vehicle and had possession of it at the time of the taking, he had titled it in the name of his son-in-law, Edward H. Gardner, so as to avoid legal complications.

The sole contention which the defendant has advanced here is that the trial court erred in receiving the registration document which was identified by both Donovan and Gardner because it was not a certified copy, but rather was a photographic copy of the original record. The argument advanced is that the defendant's right of confrontation guaranteed by the Sixth Amendment of the Constitution of the United States has been violated by receiving this alleged hearsay evidence. He relies on California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). The Supreme Court's decision in the *Green* case does not condemn the use of hearsay. Instead, it approves a newer and more broad definition of hearsay by California. Nothing in either the ruling or the language of *Green* applies here.

We hold that the photographic copy of the title certificate was not crucial evidence and the action of the court in this regard was not erroneous. There was no genuine dispute as to the identity of this vehicle. It was proven beyond question that it was the very vehicle which

had been taken from Atlanta, Georgia, without permission. Actually, the only problem at the trial, if indeed it can be called a problem, arose from the fact that the car title was in the name of Gardner, whereas the car was in fact owned by Donovan. This confusion was, however, fully explained and at last clarified beyond question. In any event, the exact state of the title could be of no concern to the defendant.

Donovan had lawful possession at the time of taking and the defendant was shown to have taken the car without permission and to have transported it in commerce. There was ample evidence in the record to support a conclusion that the defendant knew of its stolen character. Thus, each and every element of this offense was proven by competent evidence. The title certificate complained of was superfluous.

The judgment is affirmed.